Reese, J.
delivered the opinion of the court.
The plaintiff in error and one James H. Moffit, and one James Taylor, were jointly indicted for an assault and battery. When the case came on to be tried, the plaintiff in error made an affidavit, that the wife of J. Taylor, the defendant, who had intermarried with him .since the finding of the bill, could give testimony material for his defence, and, therefore, moved the court that the Moffit’s should be separately tried from the said J. Taylor, the husband of the proposed witness, which was ordered accordingly, and the two Moffits first put upon their trial. The wife of Taylor was then offered as a witness, but was on argument rejected by the court, on the ground that she was the wife of a party, not yet tried, who was jointly indicted with those on trial. And whether the witness was correctly rejected, is the question before the court. It is true that husband and wife are in general incompetent witnesses, either for or against each other, on the ground, partly of policy and partly of identity of interest. It is well settled moreover, that when the husband is on trial with others, jointly indicted with him, the wife is not a competent witness to testify on behalf of those othei's, although her testimony may not relate to her husband; because, being brought in conflict with witnesses who testify as to the guilt of all, the tendency of her testimony, under such circumstances, *101 Might confer some benefit on her husband,'the jury being probably unable to weigh the testimony properly, according to its just bearing on the different defendants. It has also been determined, that the wife of a defendant, jointly indicted with others for a riot, conspiracy, or other offence, in which the'guilty, participation of some ..specified number is made necessary by law, is not competent to testify on behalf of the other defendants, althpugh tried separately from her husband, because' the consequence of their acquittal in such case," might be to exonerate her husband from the charge. See 1 Yer.Rep. 431. But the case beforé üs ,is neither of these. In this case, the husband has no direct interest in the event of the .suit, nor can the judgment of conviction or -acquittal of Moffit, be evidence on his trial. He might, therefore,himself, on the separate trial, have been a witness, but for the téchnical rule mentioned in the case of the State vs. Moody, 1 Yer. 432, “that defendants jointly sued or indicted, cannot be witnesses for or against each other, until discharged from the suit or prosecution, or at least, until after conviction.” But the wife is not a” parly, and, therefore, not within the scope of that technical rulé., She is not to be excluded on the ground of identity of interest with the husband, because, as has been said, he has no interest. Her admission as a witness, does not violate the principles of public policy, founded on the relation of husband and wife, becáuse she is not offered as a witness for or against him. Upon principle, .therefore, the wife may be a witness under the circumstances, and iirthe case stated in the record. But there is no want of express authority upon the very point. In the case of The Commonwealth vs. Eastland, 1 Mass. Rep. 15, it is decided to be a sufficient ground for a separate trial, that the wife of one defendant is a material witness of the other. And in the case of The Stale vs. John Anthony, Sr., a new trial was granted by the Constitutional court to the defendant, because the wife of the other defendant, jointly indicted for murder, but not on trial with him, had been offered as á witness on his behalf, and rejected by the judge presiding at the trial. 1 McChord’s Rep. 286. The judgment, therefore, in the casé before us, will be reversed upon the ground stated,'and a new trial be granted.